## Goocey v. Hopkins.

(Decided October 17, 1924.)

### Appeal from Lee Circuit Court.

Mines and Minerals—Assignee of Lease Held Under no Obligation to Renew or Extend.—Original lessee being under no obligation to renew or extend lease, his assignee was under none, unless made so by terms of assignment, and there was no such obligation under assignment, whereby assignee agreed solely to convey lessee fully paid up one-sixteenth interest in leasehold, and to drill well within sixty days, and original lessee's rights terminated when lease terminated.

GRANT E. LILLY for appellant.

HURST, ROSE & STAMPER and A. J. HOPKINS for appellees.

Opinion of the Court by Judge O'Neal—Affirming.

The appellant, Albert Goocey, who was the plaintiff in the lower court, was the owner of an oil and gas lease on a certain tract of land located in Lee county, Kentucky. The lease was dated February 5, 1917, and was for a period of one year and as much longer thereafter as oil and gas were produced from the property. By its terms the lessee agreed among other things to complete a well within four months or pay a monthly rental in advance of $20.00 per month during the life of the lease.

On May 29, 1917, plaintiff assigned the lease to the defendant, J. S. Hopkins, and the consideration therefor, as set out in the written assignment, was "for a full and valuable consideration" and "James S. Hopkins' agreeing to convey the said Albert Goocey an interest in said lease equal to the one-sixteenth part fully paid up." Hopkins also further agreed to drill a well on the land within sixty days from May 29, 1917, but by mutual oversight this agreement was omitted from the written assignment. Both the lease and the assignment were duly recorded in the office of the county clerk of Lee county.

No exploring or drilling was done under this lease during the year covered by its terms, but Hopkins, the assignee, paid the $20.00 monthly rental until its expiration on February 5, 1918. Prior to its expiration and on January 3, 1918, Hopkins secured from the original lessor, the owner of the land, another or second lease which he took in his own name as lessee. The terms of this lease

are not disclosed by the record, but it is shown that on November 11, 1918, while it was in full force and effect but before any development had been attempted under it, Hopkins secured still another lease in his own name covering the same tract of land. This last lease was for a period of ten years and as long thereafter as oil and gas were produced. Its exact terms and conditions are not material to the consideration of the questions involved upon this appeal.

On some undisclosed date subsequent to November 11, 1918, Hopkins assigned this last lease to his codefendants, Williams, O'Rear and McEldowney, for a cash consideration of $9,600.00 and a percentage of the oil and gas produced thereunder. Williams, O'Rear and Mc-Eldowney forthwith commenced operations under this lease and assignment, developed the property, and marketed more than $60,000.00 worth of oil.

Setting out the foregoing state of facts in a petition and its amendments and exhibits, the plaintiff, Albert Goocey, sought an accounting and also a recovery from Hopkins and his assignees of one-sixteenth of the $9,-600.00 paid for the assignment of the lease of November 11, 1918, and of one-sixteenth of the $60,000.00 and more received for the oil produced. He also asked $2,000.00 damages for the cloud alleged to have been cast by the assignment upon his title to a one-sixteenth interest in the leasehold and for a judgment quieting his title to his interest and for a restraining order prohibiting the sale and shipment of his percentage of the oil. He likewise asked that the Cumberland Pipe Line Company, whom he made a party defendant, be enjoined from receiving and carrying away his one-sixteenth of the oil extracted from the land. The court sustained defendant's demurrer to the petition, and it having been dismissed, the plaintiff appeals.

Plaintiff contends that his lease and the written assignment thereof called for a one-sixteenth part of the leasehould fully paid up and that they constituted a covenant running with the land which, having been duly recorded, was notice to the world of his interest; that all subsequent lessees and assignees were, by reason of this constructive notice, joint tenants of the leasehold with him and were liable to him to the extent of his interest as shown by the recorded lease and assignment.

Upon this statement of facts, it will be seen that plaintiff's cause of action, as outlined, is based upon the erroneous assumption that by the terms of the original lease, and the written assignment thereof to him, defendant Hopkins was obligated to renew that lease and keep it in full force and effect. But no such meaning can be read into them even though the assignment be amended and reformed by adding the alleged omitted agreement of Hopkins to drill a well within sixty days. Manifestly, there is no provision in either document expressly or impliedly obligating the lessee to renew or extend the lease or even to keep it in force for the full period of one year. On the contrary, not only is there no such provision, but it is expressly agreed that the lessee might remove all of his property and abandon the premises at any time, and in the event of his doing so, the lease should become null and void. All the rights and duties of the lessee passed under the assignment to the assignee. The original lessee being under no obligation to renew or extend the lease, the assignee was under none unless made so by the terms of the assignment. By the latter instrument he agreed solely to convey the lessee a fully paid up one-sixteenth interest in the leasehold and to drill a well within sixty days, and it is therefore obvious that he did not agree to renew or extend the lease.

At all events, the lease expired by its own terms on February 5, 1918, and it was not renewed. Plaintiff may have a cause of action against the defendant, Hopkins, for failing to drill a well within sixty days or otherwise breaching his contract, but he has no cause of action under or interest in the lease of November 11, 1918, against any of the defendants, and the court properly sustained the demurrer to his petition. Wherefore, the judgment is affirmed.