**R. BRANNAN and Bessie Brannan, Appellants,**

v.

**SOHIO PETROLEUM COMPANY, a corporation, Appellee.**

No. 5393.

United States Court of Appeals
Tenth Circuit.

Jan. 25, 1957.

On Petition for Rehearing
Sept. 7, 1957.

---

George N. Otey, Ardmore, Okl. (Otey, Johnson & Evans, Ardmore, Okl., on the brief), for appellants.

C. Harold Thweatt, Oklahoma City, Okl. (Embry, Crowe, Tolbert, Boxley & Johnson, Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

BRATTON, Chief Judge.

R. Brannan and Bessie Brannan instituted this action against Sohio Oil Company to establish and enforce an equitable trust to an overriding royalty interest in an oil and gas leasehold. The action was filed in the state court and was seasonably removed to the United State Court on the ground of diversity of citizenship with the requisite amount in controversy. Stripped of legal inferences and conclusions, the petition alleged these facts. Under date of October 25, 1949, Ralph Gilliam and Ella May Gilliam gave to plaintiffs two oil and gas leases, one covering a tract of land in Love County, Oklahoma, containing ten acres, and the other covering a tract in such county containing forty acres. The leases were for a primary term of five years, beginning October 25, 1949, and expiring October 25, 1954. On July 11, 1950, plaintiffs assigned the leases to the defendant. Each assignment contained a provision reserving to the assignors an overriding royalty of one-sixteenth of seven-eighths of all oil, gas, casing-head gas, distillate, and other hydrocarbons produced and saved from the land. On or about August 25, 1954, defendant obtained from R. E. Gilliam and Ella May Gilliam an oil and gas lease covering all of such land. The lease was dated August 25, 1954, and provided that it was subject to a lease or leases then on such land and should not go into effect until such then existing lease or leases terminated. Nothing was done to develop the premises for oil and gas prior to the expiration of the original leases; but subsequent thereto and after the new lease became effective, the premises were developed and production was obtained. The prayer in the complaint was for judgment determining that plaintiffs were the owners of an undivided one-sixteenth of seven-eighths overriding royalty interest in and to the oil, gas, and other minerals produced from such land; quieting the title of plaintiffs to such royalty interest; and requiring defendant to account. The court dismissed the action upon the ground that the complaint failed to state a claim upon which relief could be granted. Plaintiffs appealed; and for convenience, continued

reference will be made to the parties as plaintiffs and defendant, respectively.

The first ground of attack upon the judgment is that a fiduciary relationship existed between plaintiffs and defendant in respect to the overriding royalty interest; that by reason of such relationship defendant was required to deal fairly and honestly with plaintiffs in respect to such royalty interest; that defendant could not acquire a new leasehold in the premises to the exclusion of the rights of plaintiffs; and that the new leasehold should be impressed with a constructive trust in favor of plaintiffs effectively continuing the overriding royalty interest which they held in the assigned leasehold estate. The substance of the argument in support of the contention is that since a fiduciary relationship existed between the parties, defendant was forbidden to act in an antagonistic manner toward plaintiffs by converting the overriding royalty interest in the leasehold estate to its own benefit. It is a rule of long standing in Oklahoma that where a fiduciary relationship exists between parties, each must act with honesty and good faith toward the other in respect to property and premises in which they have a community interest. A trustee is held to that degree of conduct toward his cestui que trust; and he is not permitted to assume an antagonistic attitude toward his correlate. Derdyn v. Low, 94 Okl. 41, 220 P. 945; Probst v. Hughes, 143 Okl. 11, 286 P. 875, 69 A.L.R. 929; Testerman v. Burt, 143 Okl. 220, 289 P. 315; Hivick v. Urschel, 171 Okl. 17, 40 P.2d 1077.

But that inveterate and unbending general rule does not have application in this case and therefore reliance upon it is misplaced. In Oklahoma, the reserving of an overriding royalty interest in an assignment of an oil and gas lease—standing alone and without more—does not create a fiduciary relationship between the assignor and the assignee which conditions or restricts the right of the latter to obtain from the owner of the land a new lease to take ef-

fect after expiration of the assigned lease. As between such an assignor and assignee, there is no relationship of trust and confidence which proscribes the freedom of the assignee to acquire new and independent rights in the form of a new lease from the owner of the land to take effect upon the expiration of the assigned lease. And when an assignee obtains such a new lease, his rights therein are not burdened with the overriding royalty interest in the earlier leasehold estate. Rees v. Briscoe, Okl., 315 P.2d 758.

The further ground of attack upon the judgment is that if defendant was not a trustee for plaintiffs, then the overriding royalty provisions were carried forward into the new lease. As between themselves, parties may agree by contractual arrangement that present rights shall be carried forward into any extension or renewal of an existing mineral lease. Blackner v. McDermott, 10 Cir., 176 F.2d 498. But the assignments of the two leases did not contain any provision of that nature. They did not purport directly or indirectly to provide that the overriding royalty interests should reach to extensions or renewals of the leases assigned. The new lease provided that it was subject to a lease or leases on such land at the time of the execution of the new lease and that the new lease should not take effect until the outstanding lease or leases expired. But that provision merely fixed the time at which the new lease should become effective. It did not extend the outstanding overriding royalty rights of plaintiffs into the leasehold estate created by the new lease. The original leases expired October 25, 1954. And the overriding royalty rights of plaintiffs did not survive such expiration. Rees v. Briscoe, supra.

The judgment is affirmed.

### On Petition for Rehearing

The judgment herein was affirmed primarily on the authority of the case of Rees v. Briscoe, decided by the Supreme Court of Oklahoma. The opinion in that case had not been officially reported. We had before us a photocopy of it. As

here, the assignment involved in that case reserved to the assignors an overriding royalty interest and did not contain any provision that such interest should be carried forward into any extension or renewal of the existing lease or in any new lease covering the premises. In that opinion, the court held that the assignment of the oil and gas lease in which the assignors reserved an overriding royalty interest, standing alone, did not create a fiduciary relationship between the assignors and the assignee which restricted the right of the assignee to obtain from the owner of the land a new lease to take effect after the expiration of the assigned lease; and that when the assignee obtained such new lease, his right in the leasehold estate was not burdened with the overriding royalty interest in the earlier leasehold estate. Justice Halley dissented. Later, the opinion was withdrawn and a new one was substituted. Justice Halley was the author of the new opinion. Okl., 315 P.2d 758. In that opinion, it was held that the assignors had an overriding royalty interest in the leasehold estate under the new lease which the assignee obtained from the owner of the land and the trial court was directed to enter judgment accordingly. The opinion indicates that the court was persuaded to that conclusion by its consideration of three factors. One factor seemed to be that the assignors transferred the lease for no consideration except the overriding royalty interest because the assignee had agreed to drill three certain wells. Another factor seemed to be that the assignors naturally reposed confidence in the assignee. And a third factor seemed to be that in the circumstances, the assignors relied upon the assignee to protect their overriding royalty interest.

Here, plaintiffs pleaded that the reservation of the overriding royalty interest in the assignments constituted a material part of the consideration moving to plaintiffs in connection with the transfer of the leases to the defendant; that upon the assignment of the leases, plaintiffs and defendant became clothed with a fiduciary relationship toward each other for the purpose of carrying out the purposes and consideration for the assignment of the leases; and that the defendant was prohibited from acquiring any rights in the mineral estates antagonistic to the right and interest of plaintiffs. Without exploring the underlying facts, the action was dismissed upon the ground that the complaint failed to state a claim upon which relief could be granted. In view of the broad sweep of the last opinion in Rees v. Briscoe, supra, we think the underlying facts should be explored for the purpose of determining whether they generated a fiduciary relationship between plaintiffs and defendant which required defendant to protect plaintiffs in respect to their overriding royalty interest in the leasehold estate after the new lease obtained from the owner became effective.

The petition for rehearing is granted; the judgment of the district court is vacated; and the cause is remanded for reconsideration at large, in the light of the last opinion of the Supreme Court of Oklahoma in Rees v. Briscoe, supra.