R. BRANNAN and Bessie Brannan, Appellants,

v.

SOHIO PETROLEUM COMPANY, a corporation, Appellee.

No. 5915.

United States Court of Appeals Tenth Circuit.

Nov. 6, 1958.

George N. Otey, Ardmore, Okl. (Otey, Johnson & Evans, Ardmore, Okl., was with him on the brief), for appellants.

C. Harold Thweatt, Oklahoma City, Okl. (Embry, Crowe, Tolbert, Boxley & Johnson, Oklahoma City, Okl., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

BRATTON, Chief Judge.

This case was here on a former occasion, Brannan v. Sohio Petroleum Co., 10 Cir., 248 F.2d 316. As stated on the former appeal, the complaint charged that plaintiffs assigned to defendant two oil and gas leases covering lands in Oklahoma; that the leases were for the primary term of five years terminating October 25, 1954; that each assignment reserved to the assignors an overriding royalty of one-sixteenth of seven-eighths of all oil and gas produced from the

premises; that shortly before such leases expired, the defendant obtained from the owners of the land a top lease covering both tracts; that such top lease provided that it was subject to a lease or leases then on the land and should not go into effect until such then existing lease or leases terminated; that nothing was done to develop the premises during the life of the original leases; that after the original leases expired, and after the new lease became effective, the premises were developed and production was obtained; and that the defendant rejected the claim of plaintiffs to an overriding royalty interest in the oil and gas produced. The action was one for a judgment determining that plaintiffs were the owners of an undivided one-sixteenth of seven-eighths overriding royalty interest in the oil and gas produced; quieting the title of plaintiffs to such royalty interest; and requiring the defendant to account. The action was dismissed for failure of the complaint to state a claim upon which relief could be granted. After remand of the case on the former appeal, the defendant answered; a stipulation of facts was filed; the parties agreed that no other determinative facts could be established on a trial; the trial court filed a written opinion, 161 F.Supp. 155; and judgment was entered denying plaintiffs any relief.

■ Reversal of the judgment is sought upon the ground that a fiduciary relationship existed between the parties; and that after the new top lease became effective, appellants were entitled to a constructive trust upon the leasehold estate for the undivided portion of the production reserved in the assignments of the earlier leases. In ordinary circumstances, the mere reserving of an overriding royalty interest in the assignment of an oil and gas lease—alone and without more—does not create a confidential or fiduciary relationship between the assignor and the assignee which denies to the assignee the right to obtain from the owner of the land a top lease to take effect after the expiration of the assigned lease free of the burden of the overriding royalty, either in the form of a constructive trust or otherwise. Hawkins v. Klein, 124 Okl. 161, 255 P. 570, certiorari denied 276 U.S. 588, 48 S.Ct. 206, 72 L.Ed. 719; Robinson v. Eagle-Picher Lead Co., 132 Kan. 860, 297 P. 697, 75 A.L.R. 840; Goocey v. Hopkins, 206 Ky. 176, 266 S.W. 1087; Thomas v. Warner-Quinlan Company of Texas, Tex.Civ. App., 65 S.W.2d 321; Henry v. Gulf Refining Co., 179 Ark. 138, 15 S.W.2d 979; Wier v. Glassell, 216 La. 828, 44 So.2d 882; Gordon v. Empire Gas & Fuel Co., 5 Cir., 63 F.2d 487, certiorari denied 289 U.S. 751, 53 S.Ct. 696, 77 L.Ed. 1496; 3 Summers, Oil & Gas, (Permanent Edition) § 554, pp. 634, 635.

While not drawing in question the general rule to which reference has been made, appellants urge with vigor that the case falls squarely within Rees v. Briscoe, Okl., 315 P.2d 758; and that under the controlling command of that case concerning the law of Oklahoma it must be held that a fiduciary relationship did exist between the parties with the result that appellee took the top lease impressed with a trust in favor of appellants respecting their overriding royalty interest reserved in the assignments of the original leases. But we are unable to share that view. In Rees v. Briscoe, the court took into consideration and stressed with emphasis the fact that Rees received no consideration in cash or otherwise for the lease, except the reserved overriding royalty which necessarily was dependent upon production. In that connection, the court said that it was unreasonable to assume that Rees would assign the lease for no present consideration unless he felt that he could depend upon Briscoe to undertake the development of the lease. And the court distinguished some of the cases cited in that case upon the ground that in them a part of the consideration for the assignment was paid in cash at the time the transfer took place. Here, appellants not only reserved the overriding royalty, they were paid a cash bonus computed on the basis of $50 per acre for the land covered by the assigned leases.

And there is still another significant difference between Rees v. Briscoe and this case. In that case, there was testimony which the court seemingly credited to the effect that the assignees expressly agreed that a well would be drilled on the leasehold estate being assigned. And viewing the case in its entirety, the court concluded that the assignors were justified in reposing confidence in the assignees that the well would be drilled. Here, it was recited in the stipulation that appellant Brannan "states" that at the time he assigned the leases, he was first approached to transfer them for a straight cash consideration; and that he advised the purchaser that he had no other holdings in that immediate vicinity and would not consider giving an assignment without retaining an override. And it was recited in the stipulation that the retaining of the override was in no way incidental or secondary to appellant Brannan in the transaction but was of primary importance; and that he would not have made the assignments otherwise. But it was further stipulated that nothing was said about drilling a well on the land embraced in the leases. In other words, in Rees v. Briscoe, there was evidence that the assignees entered into a definite commitment to drill a well on the lease being assigned, while here no commitment of that kind was made. In that case, the court concluded with firmness that the assignors were warranted in reposing confidence in the assignees that the premises would be developed. Here, there was no promise or commitment to drill any well or wells.

In view of the differences outlined, we think that there is no sustainable basis for the contention that this case is controlled by Rees v. Briscoe. We think that it falls within the general rule that the mere assignment of a lease with a reservation of an overriding royalty interest—without more—does not create a fiduciary relationship between the parties which impinges upon the right of the assignee to obtain from the owner of the land a top lease to become effective at the termination of the assigned leases, free of any burden either in the form of a constructive trust or otherwise concerning the share in the production reserved in the assignment.

The judgment is

Affirmed.