**S. W. BARDILL, INC., et al., Appellants,**

v.

**J. W. BIRD et al., Appellees.**

Court of Appeals of Kentucky.

April 28, 1961.

Duncan & Huddleston, Bowling Green, for appellants.

Sweeney & Lovett, Owensboro, for appellees.

CLAY, Commissioner.

This suit was brought by the assignees of a part of an oil and gas lease against defendants, assignors, for an accounting and other relief. The trial court granted summary judgment to the defendants.

There is no material issue of fact and a question of law is presented. In 1951 defendants obtained an oil and gas lease on a 124 acre tract of land in Muhlenberg County. In 1952 they assigned the west 80 acres of this leasehold to plaintiffs, defendants reserving a one-sixteenth overriding royalty in the assigned portion. As required by the terms of the assignment, plaintiffs commenced a well within the time prescribed but it was a dry hole. The unsuccessful drilling was completed in December 1952 and no further drilling on any part of the lease was undertaken until several years later.

By the payment of delay rental defendants kept the lease alive until Septem-

ber 18, 1954. On that date the owners executed a new lease to defendants covering the entire 124 acre tract. Later under the new lease production was developed on what was formerly the assigned portion of the tract and plaintiffs are asserting an interest in this production.

Plaintiffs' claim is that the new lease taken by defendants was a continuation or renewal of the original lease. This is not so either in fact or in law. The assignment agreement did not give the plaintiffs any rights in future leases of the premises and defendants owed them no duty either to keep the original lease alive or to preserve any interest for them in a new contract with the owner. Plaintiffs are correct in saying defendants could not destroy their rights under the assignment by a new agreement with the owners. However, it was not the new lease that terminated plaintiffs' rights but the expiration of the original lease that did so.

Let us look again at the picture. On September 18, 1954 the original lease was in effect because the assignors had paid delay rentals. They had not been obligated to keep the lease alive up to that time for the benefit of the assignees. Nor had they any duty to pay delay rentals and extend the lease further. On that day it expired. We may concede that the new lease executed on September 18, 1954 did not deprive the assignees of any rights they had on that day under the original lease and the assignment. After that day all rights they had were extinguished by lapse of time.

The principal case relied on by plaintiffs is Probst v. Hughes, 143 Okl. 11, 286 P. 875, 69 A.L.R. 929. The assignment in that case specifically provided that the assignor's overriding royalty should apply to all renewals or extensions of the lease that the assignee might secure. While the original lease was still in force, the assignee obtained from the owner a new lease. The decision in the case was simply that the new lease constituted a renewal or extension of the original lease, and under the

explicit terms of the assignment the assignor had an interest therein. This conclusion was inevitable in the light of the obligation imposed on the assignee *by the terms of the assignment*. There is language in the case with respect to the fiduciary relationship between the assignor and the assignee but this relationship was created by the assignment agreement, not by operation of law. In the present case we have no agreement on which to base such a relationship.

In Cameron v. Lebow, Ky., 338 S.W.2d 399, we recognized that a leasehold is divisible by assignment of a part and the rights of the assignor and assignee in the leasehold are for most purposes separable. While it was recognized in that case that certain actions by the assignor or the assignee (such as initial production) inure to the benefit of both, there is no duty by implication of law upon either to take affirmative action for the benefit of the other. Plaintiffs suggest in their brief that the relationship between the assignor and the assignee is somewhat in the nature of a partnership but clearly the law cannot create such a relationship out of thin air.

If authority is needed for the proposition that in the absence of a contractual obligation neither the assignor nor the assignee of an oil and gas lease is under a duty either to keep the lease alive for the benefit of the other or to recognize the beneficial interest of the other in a new lease with the owner (effective after the original lease expires), the case of Goocey v. Hopkins, 206 Ky. 176, 266 S.W. 1087, is conclusive. Therein the position of the parties was reversed. The assignee had kept the lease alive by the payment of delay rental. Prior to its expiration he took a new lease from the owner. After the date of expiration of the original lease he secured from the owner still another lease. The assignor sought recovery of his overriding royalties on the theory that the subsequent leases taken by the assignee were for his benefit. It was held that in the absence of an agree-

ment with respect thereto, neither the assignor nor assignee was obligated to keep the original lease alive or to renew or extend it. Since the new leases did not in fact or in law constitute an extension or renewal of the original lease, the assignor could claim no interest in the production thereunder. We have the same situation here.

The judgment is affirmed.